IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROMEO SMITH**,<br><br>    Plaintiff,<br><br>v.<br><br>**JNET COMMUNICATIONS, LLC., VITEL COMMUNICATIONS, Inc., and DAVID JEFFERSON, individually,**<br><br>    Defendants. | Civil Action No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff ROMEO SMITH, on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action and Class Action Complaint against Defendants JNET COMMUNICATIONS, LLC., VITEL COMMUNICATIONS, INC., and DAVID JEFFERSON, individually ("Defendants"), and alleges as follows:

**INTRODUCTION**

1.   Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.   Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – non-exempt laborers who performed communications installation services on behalf of Defendants' – who suffered damages as a

1

result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Plaintiff also bring this lawsuit against Defendants as a class action on behalf of himself and all other persons similarly situated –laborers who performed communications installation – who suffered damages as a result of Defendants' violations of the NJWHL pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiff performed non-exempt duties, specifically communications installation, for the Defendants in Warren County, New Jersey, and Defendants are therefore within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

## PARTIES

**Defendant JNET COMMUNICATIONS, LLC.**

9. Defendant JNET COMMUNICATIONS, LLC. ("JNET") is a company that performs communications installation services.

10. Upon information and belief, JNET is located in Warren, Warren county, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, JNET employs individuals to perform labor, such as installing communications, on behalf of JNET.

12. Upon information and belief, at all times relevant to this Complaint, JNET'S annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, JNET was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Defendant VITEL COMMUNICATIONS, INC.**

14. Defendant VITEL COMMUNICATIONS, INC. ("VITEL") is a company that performs communications installation services.

15. Upon information and belief, VITEL is located in Warren, Warren county, New Jersey.

16. Upon information and belief, at all times relevant to this Complaint, VITEL employs individuals to perform labor, such as installing communications, on behalf of VITEL.

17. Upon information and belief, at all times relevant to this Complaint, VITEL'S annual gross volume of sales made or business done was not less than $500,000.00.

18. At all times relevant to this Complaint, VITEL was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Defendant DAVID JEFFERSON**

19. Upon information and belief, Defendant DAVID JEFFERSON has a principal place of business in the State of New Jersey.

20. Upon information and belief, at all times relevant to this Complaint, Defendant DAVID JEFFERSON has been an owner, partner, officer, and/or manager of VITEL and JNET.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID JEFFERSON has had power over personnel decisions at VITEL and JNET, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID JEFFERSON has had the power to determine employee policies at VITEL and JNET including, but not limited to, time-keeping and payroll policies.

23. Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID JEFFERSON has had power over payroll decisions at VITEL and JNET, including the power to retain time and/or wage records.

24. Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID JEFFERSON has been actively involved in managing the day to day operations of VITEL and JNET.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID JEFFERSON has had control over, and the power to change compensation practices at VITEL and JNET.

26. Upon information and belief, at all times relevant to this Complaint, individual Defendant DAVID JEFFERSON has had the power to stop any illegal pay practices that harmed Plaintiff.

27. Upon information and belief, at all times relative to this Complaint, individual Defendant DAVID JEFFERSON was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiff and similarly situated employees.

**Plaintiff**

**ROMEO SMITH**

28. Plaintiff ROMEO SMITH is an adult individual who is a resident of Newark, Essex County, New Jersey.

29. Plaintiff ROMEO SMITH was employed by Defendants performing communications installation services from in or about June, 2007, until in or about November, 2010.

30. Plaintiff ROMEO SMITH was scheduled to work in excess of forty (40) hours per workweek.

31. Plaintiff ROMEO SMITH was scheduled to work six (6) to seven (7) days per workweek.

32. Plaintiff ROMEO SMITH routinely worked on average approximately one hundred (100) hours per workweek on behalf of Defendants, but was not fully compensated for all of his hours worked.

33. Plaintiff ROMEO SMITH was improperly paid, and was not fully compensated for hours worked in excess of forty (40) hours per workweek.

34. A written consent form for ROMEO SMITH is attached as Exhibit A to this Collective Action Complaint.

**FACTS**

35. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

36. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

37. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

38. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

39. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendants.

40. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

41. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

42. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked overtime hours in one or more work periods, on or

after March 4, 2009, and were improperly compensated and/or not compensated at all for their overtime hours.

43. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

<u>**COUNT I**</u>
<u>**RECOVERY OF OVERTIME COMPENSATION**</u>
<u>**PURSUANT TO THE FLSA**</u>

44. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 42 above.

45. Plaintiff is entitled to be paid at an overtime rate for each overtime hour worked per work period.

46. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

47. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at an overtime rate of pay for each of their hours worked in excess of forty (40) hours in a work week.

48. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

49. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

<u>**COUNT II**</u>
<u>**RECOVERY OF OVERTIME COMPENSATION**</u>
<u>**PURSUANT TO THE NJWHL**</u>

50. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 48 above.

51. Defendants' aforementioned conduct is in violation of the NJWHL.

52. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

53. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff ROMEO SMITH, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants, JNET COMMUNICATIONS, LLC., VITEL COMMUNICATIONS, INC., and DAVID JEFFERSON, individually, for the payment of compensation for all overtime hours at an overtime rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: March 4, 2013

Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
12 South Orange Ave, Suite 3R
South Orange, NJ 07079
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiffs*